for argument well we're not sure it's for argument but anyway for discussion is United States v. Schmutte yes good morning your honor Miss Varner Sarah Varner for Mr. Schmutte I think we find ourselves in an interesting situation today so I'm not sure how the court wishes for me to proceed I'm prepared to give the argument that I can on Mr. Schmutte's the parties have agreed that additional briefing would help the court in this case and what is it perhaps I haven't seen something some new development okay I arrived yesterday this is my error I take full responsibility for this Mr. Schmutte is arguing his armed career criminal status based on his what I briefed as a C felony burglary in Indiana the parties were preparing for realize that we have both briefed C and it is actually a B felony burglary of a dwelling that's at issue in this case okay at the time in question a B felony could have been if it was committed with a armed with a deadly weapon right that armed doesn't mean it's a violent crime right or if it was a dwelling or so what are we talking about whether it's divisible at this point I would actually be more interested in hearing your thoughts on the subject of plain error if you are right on any of this and on whether this notion that the burglary statute can be violated by climbing a fence however hypothetical that possibility might be whether that's actually inconsistent with federal the federal generic standard I do believe that Indiana's inclusion of defense is inconsistent why I think that because Indiana treats it as a structure right and the federal standard in in Taylor treats offense as a structure well I James what was issued at issue was Florida's burglary statute and Florida included the curtilage of the home and James said that Florida construed narrowly the curtilage of the home to include an enclosed space and I think that must be read as fence and said that that inclusion took it outside generic so you're relying on dicta from an overruled case it really wasn't deciding that issue to conclude that this is plain error I think that it I think that that was that seems like a stretch to me be particularly given the large number of states that all that that do treat fences as structures closed fences that is as structures for purposes of their burglary statutes I think that that was the Supreme Court even though it was dicta and even though that was not the case that was before the court at that point I think that was the Supreme Court saying explicitly inclusion of the curtilage of the home takes it outside of generic burglary and I think other courts is there any mention here of a fence in money in James oh no it said that include that that Florida construed curtilage narrowly to include an enclosed space which in my mind would be offense I'm not sure how else what does the B felony statute say what does the now that we know that he's convicted of the B felony okay that's a different statute yes it is your honor and the B felony statute says that that what the B felony includes is the same elements as the C felony but it also includes that if the building if the start if the building or structure is a dwelling and then Indiana defines the word dwelling and Indiana says dwelling means a building structure or other enclosed space permanent or temporary movable or fixed that is a person's home or place of lodging okay but this is a separate statute it's not a subsection of the statute that we thought we were operating under yes okay so there is no divisibility question it's a single offense it's a very of a dwelling well it's burglary of a dwelling but the way that the jury instructions in Indiana define I mean we're anticipating your supplemental briefing but why don't you go ahead and give us your my best pitch for today for today okay so my best pitch for today is that the Indiana jury instructions include the only thing that's necessary to find that it was the addition of the fact that it was a dwelling so nothing changes as far as building or structure and we know by statute that in Indiana includes dwelling means building structure other enclosed space permanent or temporary movable or fixed that is not divisible the jury must not find anything according to what plate what what the place looks like and there in fact there's a case in Indiana that indicates without deciding that a car could fall under that statute if it's a because what's at issue in those cases when I started looking at the dwelling cases what's at issue there is primarily case after case was the person residing there but he burglarized the house right yes your honor well why does it matter that that if he had burglarized a car he were not sure I understand the question well if he burglarized the home why is there a problem because this statute that particular death I think we have to reach back under because the jury instructions aren't any clearer about building or structure we have to reach back to how Indiana defines dwelling and that is an indivisible set of elements so I think what's the greater concern what if they defined a dwelling as a as a cat's carrying case or something why would that affect a prosecution of someone who burglarized the house I think under the Armed Career Criminal Act it affects us I think under ACA it affects us now because the concern has always been we want to now look back and see if this person was convicted of Indiana burglary of dwelling does that fall within the generic offense or does it or does it not and I think the way that Indiana defines dwelling that clearly falls outside the generic especially when make if you know that it's a house why is that good enough I don't get it because I think under math is that set that it's not an element those are alternative what's sensitive does this make any sense it is some extremely stupid decision that is if a person commits a burglary of a home why does it matter if that the statute defines burglary to include swell breaking into a person's car because there's a mailbox or whatever why does that make a difference because that falls outside the generic elements of burglary that's just look that's just jargon generic element why is why does it matter what the scope of the statute is if it clearly includes breaking into a home and that's what the defendant is charged with I'm not sure if you're asking me what you're asking me is policy-based if what you're asking me is based I think it matters because what we're concerned with on burglary of a residence is the chance of a violent encounter with the person who's at home in that dwelling and I think there's a difference between a parked car on a street and be able to allege burglaries are illegal even though there's nobody in the house I think that we're concerned I'm gonna I'm gonna you're confident that nobody would be hurt I think it was concluded within the armchair criminal acts because of we want to punish more harshly the people who have this there's this chance of violence for yes but the categorical method that the Supreme Court is appropriate is adopted for better or worse loses sight of reality right that's that's our problem but even though we can't reject the categorical approach we are faced with the problem here of plain error right and one of the elements of plain error is whether the decision seriously affects the fairness integrity or public reputation of judicial proceedings and so where the defendant actually burglarized a residential structure and stole a safe with a firearm and valuables in it why should this hypothetical raise the concern about the fairness integrity and public reputation of these proceedings I would think that the argument would run the other way that we would be that reversing here would be hyper technical because I think that what he's what mr. Schmitty is raising at this point under these line of cases from the Supreme Court whether we agree with them or not and I agree sometimes and I think the government pointed out in their brief when we were talking about see that we're reaching this sort of absurd result where we're striking down again and again why should we reach an absurd result on a plain error standard I think that we should because what we're talking about is the preservation of his constitutional rights those are constitutional cases by the Supreme Court and I know there's statutory interpretation whether whether this is burglary is a statutory question and Congress made very clear it wanted residential burglars to be treated as armed career criminals right yes very violent or very dangerous offenses but I think that the best I can say is that the statute that mr. Schmitty was convicted under doesn't doesn't fall in the category of cases that we want to now and I see that my time has expired I would love to address these questions on additional briefing if the court will accept them I would be very interested in your thoughts beyond this indirect dicta in James about why an enclosed fence hypothetical would be outside the the Taylor generic definition as well thank you okay well thanks mr. your honor may it please the court Bob would on behalf of the government I too I'm sorry for my part in the screw-up of the briefing here I take responsibility for that I'd like to start wherever the court would like me to start but first off I don't think there's any indication that a car would be covered I have no problem of course with your honor's view of its effect on this case especially given the standard of review but that case if she's referring to McCormick V State that's from a previous statute that in Indiana that included vehicles and this statute didn't include vehicles if there's another case I may be wrong but also if the question becomes in this case whether be burglary is divisible the government's position is that it is divisible the structure of the statute is so it indicates that the use of deadly weapon or being armed sorry being armed with a deadly weapon is in a separate section from the dwelling requirement and there's also this additional requirement under Indiana law or additional option I should say under Indiana law of it being a religious a structure used for religious worship Indiana the Indiana Supreme Court has treated that as a separate offense that's the best I can say on its divisibility there also but I would just say that these aren't an illustrative a list of illustrative examples so if under this be felony burglary if a person burglarizes or breaks and enters a dwelling while armed with a gun and the dwelling also happens to be a house of worship you can charge three crimes no I don't think so okay then then it's not divisible those are alternative means of committing a single offense and you can't use this as a predicate I mean that that's the short answer under and Edwards and that's very I would say my one caveat without rebutting that point is that as it stands now at least in the end of birth the Indiana burglary statute makes them all separate levels whether the court review that as indicative of the legislature's retroactive view that those are separate elements or simply that if the court does deem this an individual indivisible statute it would be limited to Indiana burglary as it previously existed okay so the statutes been amended the statute has been reorganized to place different put to put different punishments on these different types of crimes so there was a complete recodification of Indiana criminal law in 2014 the levels of felonies and so on were completely redone and anybody looking at this kind of issue in Indiana has got to go back to the old statutes right yes and the even the nomenclature changed the we're talking about class B and C felonies here now they're levels one through five and but but specifically on this they're separated where being armed require demands a higher punishment or suggest a higher punishment than simply entering a dwelling the religious institution piece is not part of the same level as dwelling anymore but again in 2003 2002 and 2003 it was different statute so I understand the limitations of that reading back but the codification that your honor mentioned does at least shed some light on the view that these are different elements the old statute the one that was in effect when mr. Schmoody committed this burglary does require breaking and entering a building or structure with intent to commit a felony which tracks the Taylor definition right yes and any you have any thoughts on the fence issue fences under Indiana law under the statute if fences are included they have to be an enclosed space it they don't have to have a roof they don't have to have a roof in fact if a fence had a roof it would be a building and the word structure would be meaningless in the any definition whether you're talking about Taylor's definition the model penal codes definition most states definitions or Indiana's definition if you put a roof on a fence it's no longer necessary to use the word structure you can just call it a building if this is now a B felony conviction does the fence issue even matter it does not but at the same time what I think part of it would is excuse me but I disagree with you because I think it would still matter because if it's not if the if the old B statute B felony statute is not divisible then we're back to the building and structure issue right and I said it wrong I was headed that way your honor the structure of the statute is it has to be a building or structure that's where C is defined and then you go down to the narrower points of the statute to get to elevate it to be status but the building or structure overlay does not get removed so you still have to define under Indiana law building or structure in exactly the same way dwelling cannot not be a building or structure and so I mean I understand that now we're at the point of question what is the structure that is not a build what's an example fence would be a good example I just pulled that out of nowhere how about an open-air pavilion I don't think so because Indiana law at least in describing holdings that are not dicta the dicta and under Indiana case law which I know or under the statute the statute requires an enclosure and open a tent a tent it is the tent is the tent held up by poles and fully open like a revival tent for a religious worship where anyone can enter and exit as they please I think probably not that's probably not a structure under the definition which includes only enclosed spaces but a tent like a teepee or a whether it was a person's place of lodging because of course that is also part of the definition we can be reasonably confident that 5842 Crittenden Avenue was a pretty solid structure however yes and the charging instrument describes it as a specific person's residence and like you suggest it has an address so I doubt it's a year and with that unless there are any other questions on this the unit of prosecution in Indiana is this is the act of breaking and entering it's not the different modes at use the different modes of breaking and entering I mean whether it's with the gun you know what the breaking and entering is place was used for etc the unit of prosecution is the single act of breaking and entering I think that's correct suggesting that only one crime can be charged for a single act of breaking and entering no matter how many of the sub parts of the statute are satisfied based on what the structure is used for and what it looks like and what its attributes are and what the offender has on his person when he does the breaking and entry right or his intent whether he intends to commit a rape or theft or kidnapping or whatever sure no matter how many of those things are present one crime under the statute as written relevant to this time period even now one crime you can't charge both the B and C unity or I'm sorry yet they've got different classifications we did that in Wisconsin not divisible and you can't use it well what do you do though it's one crime but what do you do for example if it's I'm just gonna rewrite this a little bit hypothetically but if it's a burglary is this was a C felony generically but it's a B felony if it's a residence if that's the only difference if that's the only way to make it a B felony then that's a B felony conviction would satisfy the Taylor generic definition it would have to nothing takes it outside the problem the problem you've got here is that it also includes committed while armed with a deadly weapon so that's why we've got a deal which is not an issue in Taylor and what's the rationale for all of this form over substance I would have to say that I'm sympathetic to the court's view that reality would weigh him well okay although there the idea is not to have the federal court doing fact finding right right this goes back to the constitutional argument that miss Supreme Court has been sympathetic to Congress's intent and in a string of cases in working through the categorical approach the Supreme Court indicated its belief that Congress wanted something like the categorical approach to apply and what Congress wants is meaningful because it focuses the statute focuses on how to classify the conviction not what the defendant actually did right that that we evaluate under 3553 a sure and so it all comes in it just depends on you know what point in the process and how much weight it gets mandatory weight discretionary weight okay thank you so miss I'm sorry miss Varner do you like another minute I guess I would make one small note which is that the case that I was referring to it did drop a footnote and was actually referring to the burglary statute at issue here but it's not it yes it's not in any way decided in that case and I don't think I have anything further for today but maybe so maybe submit supplemental briefing pardon well will the parties be allowed to submit supplemental briefing think about it we'll let you know thank you for your time okay thanks to both counsel